UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

---

JORDAN LEMIEUX, JOHN KADLEWICZ, JOSEPH O'CONNOR, CHRIS BUTLER, and DAVID R. REX, JR., Individually and on Behalf of All Other Persons Similarly Situated,
            Plaintiffs,

v.

CITY OF HOLYOKE and HOLYOKE FIRE DEPARTMENT,
            Defendants

C.A. No. 2008-

---

## COMPLAINT

### FLSA Collective Action Claims

1. Defendants have since at least January 21, 2005, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiffs, ("Plaintiffs"), and all other persons employed by them as Firefighters, Lieutenants, Captains, and Deputy Chiefs, one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek.

2. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiffs and all other persons who are or have been employed by Defendant as Firefighters, Lieutenants, Captains, and Deputy Chiefs between January 21, 2005 and the date of final disposition of this action (the "FLSA Class Period").

3. During the FLSA Class Period, Plaintiffs and the FLSA Class Members are all subject to Defendants' common policy and practice of:

  a. failing to pay them any FLSA overtime; and/or

  b. failing to include their wage augments in determining their regular rate of pay and overtime pay for purposes of paying them FLSA overtime; and/or

  c. failing to pay them at a rate that is not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) during each workweek; and/or

  d. failing to pay them at a rate that is not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 53 hours in an seven day period) as required by the FLSA.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

6. Plaintiffs are residents of this district.

7. The City of Holyoke regularly conducts business in this district.

8. The Holyoke Fire Department regularly conducts business in this district.

9. A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district.

10. The City of Holyoke is engaged in interstate commerce

11. The Holyoke Fire Department is engaged in interstate commerce.

## Parties

12. Plaintiff, Jordan Lemieux, is an individual with a residence of 1697 Northampton Street, Holyoke, Hampden County, Massachusetts. Mr. Lemieux has consented to being a plaintiff in this action. See Exhibit A hereto.

13. Plaintiff, John Kadlewicz, is an individual with a residence of 526 Homestead Avenue, Holyoke, Hampden County, Massachusetts. Mr. Kadlewicz has consented to being a plaintiff in this action. See Exhibit B hereto.

14. Plaintiff, Joseph O'Connor, is an individual with a residence of 55 Mayer Drive, Holyoke, Hampden County, Massachusetts. Mr. O'Connor has consented to being a plaintiff in this action. See Exhibit C hereto.

15. Plaintiff, Chris Butler, is an individual with a residence of 25 Hickory Street, Holyoke, Hampden County, Massachusetts. Mr. Butler has consented to being a plaintiff in this action. See Exhibit D hereto.

16. Plaintiff, David Rex Jr., is an individual with a residence of 17 Sun Valley Road, Holyoke, Hampden County, Massachusetts. Mr. Rex has consented to being a plaintiff in this action. See Exhibit E hereto.

17. Defendant City of Holyoke ("City") is a municipality, and a political subdivision, of the Commonwealth of Massachusetts.

18. Defendant Holyoke Fire Department ("Department") is a department of the City.

**Factual Allegations**

19. The City is an "employer" as defined 29 U.S.C. § 203(d).

20. The City is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

21. The City is a "public agency" as defined in 29 U.S.C. § 203(x).

22. The City has not established a 207(k) work period.

23. The City has not adopted a 207(k) work period.

24. During the FLSA Class Period, the City was not an exempt employer under the FLSA.

25. The Department is an "employer" as defined in 29 U.S.C. § 203(d).

26. The Department is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

27. The Department is a "public agency" as defined in 29 U.S.C. § 203(x).

28. The Department has not established a 207(k) work period.

29. The Department has not adopted a 207(k) work period.

30. During the FLSA Class Period, the Department was not an exempt employer under the FLSA.

31. During the FLSA Class Period, Mr. Lemieux was not an exempt employee under the FLSA.

32. During the FLSA Class Period, Mr. Kadlewicz was not an exempt employee under the FLSA.

33. During the FLSA Class Period, Mr. O'Connor was not an exempt employee under the FLSA.

34. During the FLSA Class Period, Mr. Butler was not an exempt employee under the FLSA.

35. During the FLSA Class Period, Mr. Rex was not an exempt employee under the FLSA.

36. During the FLSA Class Period, the FLSA Class Members were not exempt employees under the FLSA.

37. During the FLSA Class Period, Plaintiffs worked more than forty (40) hours in at least one workweek.

38. During the FLSA Class Period, the FLSA Class Members worked more than forty (40) hours in at least one workweek.

39. During the FLSA Class Period, Plaintiffs were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

40. During the FLSA Class Period, the FLSA Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

41. During the FLSA Class Period, Plaintiffs did not receive compensation at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 53 hours in an seven day period) as required by the FLSA.

42. During the FLSA Class Period, the FLSA Class Members did not receive compensation at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate

number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 53 hours in an seven day period) as required by the FLSA.

43. Plaintiffs are members of the International Association of Fire Fighters, Local Union 1693 ("Local 1693").

44. The FLSA Class Members are members of the International Association of Fire Fighters, Local Union 1693 ("Local 1693").

45. Local 1693 is the sole and exclusive bargaining agent for purposes of collective bargaining concerning the wages, hours and other working conditions for all full-time members of the Department, excluding only the Fire Chief.

46. A collective bargaining agreement concerning the wages, hours and other working conditions of employment for Plaintiffs and the FLSA Class Members for the time period of July 1, 2003 to June 30, 2006, was executed by the City and Local 1693.

47. A collective bargaining agreement concerning the wages, hours and other working conditions of employment for Plaintiffs and the FLSA Class Members for the time period of July 1, 2006, to June 30, 2008, was executed by the City and Local 1693.

**Regular Work Schedule**

48. Firefighters, Lieutenants, Captains, and Deputy Chiefs who do not work in the Fire Alarm Division, Fire Prevention Division, or as the Training Officer are typically scheduled to work a regularly recurring eight (8) week, fifty-six (56) day work schedule.

49. During the regularly recurring eight (8) week, fifty-six (56) day work schedule, the Firefighters, Lieutenants, Captains, and Deputy Chiefs who do not work in

the Fire Alarm Division, Fire Prevention Division, or as the Training Officer are typically scheduled to work forty-eight (48) hours in four (4) of the weeks; thirty-four (34) hours in two (2) of the weeks, and thirty-eight (38) hours in two (2) of the weeks.

50.     Firefighters, Lieutenants, Captains, and Deputy Chiefs who do not work in the Fire Alarm Division, Fire Prevention Division, or as a Training Officer and who work a day shift are typically scheduled to work ten (10) hours per shift.

51.     Firefighters, Lieutenants, Captains, and Deputy Chiefs who do not work in the Fire Alarm Division, Fire Prevention Division, or as a Training Officer and who work a night shift are typically scheduled to work fourteen (14) hours per shift.

### Fire Alarm Division Work Schedule

52.     Firefighters, Lieutenants, Captains, and Deputy Chiefs who work in the Fire Alarm Division and who work as dispatchers are typically scheduled to work four days in a row followed by four days off.

53.     Firefighters, Lieutenants, Captains, and Deputy Chiefs who work in the Fire Alarm Division and who work as dispatchers are typically scheduled to work from 7:00 a.m. to 7:00 p.m. on the first two working days and from 7:00 p.m. to 7:00 a.m. on the next two working days.

54.     Firefighters, Lieutenants, Captains, and Deputy Chiefs who work in the Fire Alarm Division and who work repairing traffic signals or maintaining fire alarms are typically scheduled to work Mondays, Tuesdays, Wednesday, and Thursdays from 7:30 a.m. to 4:00 p.m. and on Fridays from 7:30 a.m. to 3:30 p.m.

### Fire Prevention Division Work Schedule

55. Firefighters, Lieutenants, Captains, and Deputy Chiefs who work in the Fire Prevention Division are typically scheduled to work from 8:00 a.m. to 4:00 p.m., Monday through Friday.

### Training Officer Work Schedule

56. Firefighters, Lieutenants, Captains, and Deputy Chiefs who work as the Training Officer are typically scheduled to work from 8:00 a.m. to 4:00 p.m., Monday through Friday.

### Plaintiffs' Pay

57. During the FLSA Class Period, Plaintiffs and the FLSA Class Members were typically paid on a bi-weekly basis.

58. During the FLSA Class Period, Plaintiffs and the FLSA Class Members were paid at least some of the following wage augments:

   a. Holiday Pay;

   b. Vacation Pay upon retirement;

   c. Sick Leave Pay upon retirement;

   d. Out of Grade Pay;

   e. Defibrillator Stipend;

   f. EMT Pay;

   g. Clothing Allowance;

   h. Longevity Pay;

   i. Examination Pay;

   j. Examination Stipend;

   k. Hazmat Pay;

   l.   Tuition Reimbursement; and

   m.   Fire Inspector Pay.

59.   During the FLSA Class Period, none of the foregoing wage augments were included in the calculation of Plaintiffs' or the FLSA Class Members' regular rate of pay for purposes of calculating overtime under the FLSA.

60.   Defendants knew that their conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

## COUNT 1
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

61.   Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

62.   Defendants employed Plaintiffs for workweeks longer than forty (40) hours.

63.   During the weeks where Plaintiffs worked more than forty (40) hours, Plaintiffs did not receive compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed as required by the FLSA.

64.   Plaintiffs are entitled to damages.

## COUNT 2
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

65.   Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

66. Plaintiffs worked hours in various work periods which, in the aggregate, exceeded the number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 53 hours in an 7 day work period).

67. Plaintiffs did not receive compensation at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 53 hours in an seven day period) as required by the FLSA.

### Claims for Relief

Wherefore, Plaintiffs respectfully request that the Court:

A. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide Plaintiffs with lists of all persons employed by it during the FLSA Class Period, including but not limited to the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Enjoining Defendants from continuing to violate the FLSA and ordering Defendants to pay Plaintiffs in compliance with the FLSA.

C.   Determine the damages sustained by Plaintiffs and the FLSA Class Members as a result of Defendants' violations of 29 U.S.C. §207(a), and award those damages against Defendants and in favor of Plaintiffs and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C.   Award Plaintiffs and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D.   Grant Plaintiffs and the FLSA Class Members such other and further relief as the Court may deem just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

By their attorneys,

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau, Esquire (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
Tel:   (413) 536-1977
Fax:   (413) 538-7138