UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| JORDAN LEMIEUX, JOHN KADLEWICZ, JOSEPH O'CONNOR, CHRIS BUTLER, and DAVID R. REX, JR., Individually and on Behalf of All Other Persons Similarly Situated,<br>Plaintiffs,<br>v.<br><br>CITY OF HOLYOKE and HOLYOKE FIRE DEPARTMENT,<br>Defendants | C.A. No. 2008-30038-MAP |

## PLAINTIFFS' MOTION FOR FURTHER DISCOVERY

Plaintiffs, by and through their undersigned counsel and pursuant to Local Rule 26.2(B), hereby move to request further discovery. Plaintiffs request an additional twenty-five (25) interrogatories, one (1) set of Request for Production of Documents, and one hundred (100) Requests for Admission. The grounds for Plaintiffs' request are outlined below.

### FACTUAL BACGROUND

This case is a collective action brought Jordan Lemieux and others ("Plaintiffs") arising under the Fair Labor Standards Act ("FLSA").[1] In essence, Plaintiffs allege that Defendants violated the FLSA by failing to pay them one and one-half times their regular rate of pay for hours worked in excess of forty each work week. This case also involves counter-claims by Defendants against Plaintiffs for Interference with Contractual Relations and Civil Conspiracy.

---

[1] To date, there are approximately 130 Plaintiffs and/or Opt-in Plaintiffs.

1

On August 6, 2008, Plaintiffs served their First Set of Interrogatories, which contained eleven (11) interrogatories, and First Request for Production of Documents upon Defendant, City of Holyoke.  See **Exhibits A and B attached hereto**.  On August 24, 2009, Plaintiffs served their Second Set of Interrogatories, which contained fourteen (14) interrogatories, their Second Request for Production of Documents, and First Request for Admissions, which contained twenty-five (25) requests.  See **Exhibits, C, D, and E attached hereto**.

### ARGUMENT

A.  **The Relevant Rule of Civil Procedure**.

Rule 26.2(B) provides, in applicable part, that "[s]hould a party exhaust the opportunities for any type of discovery events under LR 26.1(C), any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to LR 26.1(C) shall be by discovery motion."

B.  **Plaintiffs Have Good Cause for Requesting Further Discovery**.

Prior to serving Plaintiffs' initial written discovery on August 6, 2008, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaims, which they subsequently withdrew.  As a result having moved to dismiss the counterclaims before serving their initial written discovery, Plaintiffs understandably did not serve written discovery relating to the counterclaims in Plaintiffs' initial discovery.  Further, prior to serving Plaintiffs' initial discovery on August 6, 2008, Defendants had not raised an affirmative defense under 29 U.S.C. § 207(k).  In fact, Defendants had admitted that they did not establish or adopted a 207(k) work period.  As a result of having not raised a 207(k) affirmative defense and admitting that they did not establish or adopt a 207(k) work period, Plaintiffs understandably did not serve written discovery relating to the 207(k) affirmative defense in Plaintiffs' initial discovery.

At the time Plaintiffs served their second round of written discovery on August 24, 2009, Plaintiffs only had fourteen (14) interrogatories remaining, one (1) set of requests for production, and twenty-five (25) requests for admission.  Plaintiffs Second Set of Interrogatories and Second Request for Production focused heavily on Defendants newly asserted 207(k) affirmative defense.  See **Exhibit C and D**.  The majority of Plaintiffs' Request for Admissions were served in an effort to narrow factual and legal issues for depositions, summary judgment motions, and trial.  The majority of the Requests were sought to obtain admissions and/or Defendants' position concerning the wage augments received by Plaintiffs and Opt-In Plaintiffs that are or are not required to be included in the calculation of the regular rate of pay under the FLSA and to obtain admissions and/or Defendants' position concerning the "hours worked" by Plaintiffs and Opt-In Plaintiffs that are or are not required to be included in the calculation of the total "hours worked" by Plaintiffs and Opt-In Plaintiffs in each work week or work period under the FLSA.  See **Exhibit E**.

The discovery propounded to date by Plaintiffs is not unreasonable or excessive and yet Plaintiffs have exhausted their interrogatories, sets of requests for production and requests for admission.  Further, despite exhausting their interrogatories, sets of requests for production and requests for admission, Plaintiffs have yet to serve any substantive written discovery relating to Defendants' counterclaims.

Plaintiffs, at this time, should be allowed an additional twenty-five (25) interrogatories and one (1) set of requests for production.  In addition, Plaintiffs should be allowed an additional one hundred (100) requests for admission so that they can continue in their effort to narrow factual and legal issues is a more convenient, less burdensome, and less expensive way than other forms of discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Further Discovery should be allowed.

**LOCAL RULE 7.1(A)(2)  CERTIFICATION**

Plaintiffs certify that they have conferred with Defendants' counsel in good faith regarding the issues raised herein on August 27, 2009 and that Defendants' counsel has indicated that they intend to oppose this motion.

**/s/ Jordan Lemieux**
Jordan Lemieux

Dated: September 1, 2009                Respectfully submitted,

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, MA 01040
jmorneau@donohuehyland.com
(413) 536-1977

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau