**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)**

C.A. No. 2008-30038-MAP

**JORDAN LEMIEUX, JOHN KADLEWICZ,
JOSEPH O'CONNOR, CHRIS BUTLER, and
DAVID R. REX, JR., Individually and on Behalf
of All Other Persons Similarly Situated,**
                     **Plaintiffs,**

v.

**CITY OF HOLYOKE and HOLYOKE FIRE
DEPARTMENT,**
                     **Defendants**

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE CERTAIN PORTIONS OF
EDWARD R. MITNICK'S AFFIDAVIT**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 56 (e) and Local Rule 56.1 of the Local Rules of the Federal District Court of Massachusetts ("Local Rule 56.1"), Plaintiffs hereby move that the Court strike or disregard certain portions of the Affidavit of Edward R. Mitnick, Esq. ("Mitnick Affidavit"). The grounds for this motion, more fully set forth below as to specific statements, are that the challenged portions of the Mitnick Affidavit are conclusory, based on assumptions or statement of belief, contradict sworn deposition testimony, are not based on personal knowledge, and/or contain inadmissable hearsay.

**STANDARDS**

Rule 56(e) of the Federal Rules of Civil Procedure requires that supporting affidavits "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56 (e). "Statements made upon information and belief, as opposed to personal knowledge, are not entitled to weight in the

1

summary judgment balance." *Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997); *Moos v. Hampshire College*, 1999 U.S. Dist. LEXIS 8694 (D. Mass., June 8, 1999). "Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). Lay witness opinion testimony is inadmissible unless "rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of the fact in issue." Fed R. Evid. 701; see *Alexis v. McDonald's Restuarants of Mass. Inc.*, 67 F.3d 341, 347 (1st Cir. 1995) (excluding conclusory lay opinion testimony); *Willico Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 624 (1st Cir. 1988) (lay opinion suggesting little more than the result the jury should reach is inadmissible). Lastly, a litigant may not defeat summary judgment by submitting an affidavit that, without plausible explanation, contradicts party's own prior deposition testimony. *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 85 (D. Mass. 1997).

## ARGUMENT

1. **Paragraph 4 of Mitnick's affidavit should be stricken as the statements are based on assumptions or statements of belief, and the statements are not based on personal knowledge**.

    a. *To the best of my knowledge and belief, these negotiations took place throughout the period of 1994 and lasted into 1995.*

    b. *To the best of my recollection, Jordan Lemieux was a member of the Firefighters union negotiating team during these collective bargaining negotiations.*

Mitnick's statements clearly are not based on personal knowledge. Therefore, on their face, these statements must be stricken as "knowledge and belief" and "recollection" statements are not permissible in a summary judgment affidavit. See *Perez v. Volvo Car Corp.*, 247 F.3d 3030, 316 (1st Cir. 2001) citing *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991) ("It is apodictic that an affidavit . . . made upon information and belief . . . does not comply with Rule

56(e)."); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000) (affidavit filed in opposition to summary judgment was insufficient because it was made "to the best of my knowledge"); *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 84-85 (D. Mass. 1997) (court struck parts of affidavit based on plaintiff's "beliefs," finding that affidavits based on information and belief do not satisfy Fed. R. Civ. P. 56(e) requirement of personal knowledge). As a result, the statements are inadmissible and should be stricken or disregarded.

2. **Paragraph 5 of Mitnick's affidavit and paragraph 35 of Defendants' Statement should be stricken as the statements are conclusory, based on assumptions or statement of belief, contradict sworn deposition testimony, not based on personal knowledge, or contain inadmissable hearsay**.

   a. *During the negotiations leading to the execution of 1994 through 1997 Collective Bargaining Agreement, the Local's representatives on its' bargaining team expressed the view to the City's bargaining team (of which I was a member) that City Firefighters on the "rotating shift" (i.e. those firefighters who typically worked a repeating cycle of two ten (10) hour day tours followed by two (2) fourteen (14) hour night tours followed by four (4) days off) were not being adequately compensated by the City for regularly working an average of forty-two (42) hours per week.*

   b. *They expressed the view that this was unfair in that other members of the Fire Department who worked a five (5) day on; two (2) day off schedule were being paid at a time and one-half "overtime" rate if they worked in excess of forty (40) hours per week.*

   c. *They expressed a concern that the City's failure to pay the rotating shift Firefighters at the time and one half overtime rate in the same manner as the City was paying the other members violated the Fair Labor Standards Act (FLSA).*

Mitnick's statements suggesting that unspecified Union members expressed a view about unfair overtime payment and expressed a concern that payments violated the FLSA must be stricken as they contradict sworn testimony of the City's 30(b)(6) witness who testified that "Defendants are not aware of any complaints by Firefighters since at least 1979 that payments to Firefighters were not in compliance with any law." (Lafond Depo.; pages 67-69).

Mitnick's statements also contradict Defendants' Answer to Interrogatory Number 9.

3

Defendants' Answers to Interrogatory Number 9 specifically states that "Plaintiffs and Opt-In Plaintiffs never complained about the overtime calculations until just prior to the filing of this litigation." See Defendants' Answers to Plaintiffs First Set of Interrogatories attached to Plaintiffs' Motion as **Exhibit D**.

Mitnick's perception of any view or concern of an unspecified third party during an unspecified period of time in the 1990's is purely speculative, conclusory, and a statement of opinion. Mitnick lacks any personal knowledge as to the view or concern of an unspecified third party or the Union as he was not a Union member, was not on the Union negotiating team, and was not on the Union executive committee. Lastly, any purported statements attributed to the unspecified third party or the Union constitute inadmissible hearsay. As a result, the statements should be stricken or disregarded.

3. **Paragraph 6 of Mitnick's affidavit should be stricken as the statements are conclusory, based on assumptions or statement of belief, contradict sworn deposition testimony, not based on personal knowledge, or contain inadmissable hearsay**.

   a. *I believed at the time that FLSA provisions governing Firefighters afforded the City a defense to any claim by a Firefighter on the rotating shift that the City was required to pay such Firefighters at an overtime premium rate for working in excess of forty (40) hours per week.*

Mitnick's belief regarding a possible defense to overtime claims under the FLSA is conclusory and a statement of opinion. Mitnick provides no foundation for his belief. There is no indication that Mitnick obtained the opinion of outside counsel, gave his opinion to the City, looked at or relied upon any legal decisions or Department of Labor rulings relating to payment of wages or overtime wages to firefighters. As a result, the statements should be stricken or disregarded.

      b. *Nevertheless, the City believed that it would be prudent that the concerns as raised by the Local should be resolved through collective bargaining.*

Mitnick's statement is conclusory, a statement of opinion, and irrelevant. Mitnick provides no foundation for his belief, let alone, any foundation for what a third party, the City believed. Mitnick also fails to indicate who he is referring to when he uses the phrase "the City." Mitnick, as City Solicitor at the time, is not "the City." To the extent that Mitnick is referring to other individuals in the City such as the Mayor or particular City Councilors, there is no indication of who they are. Further, Mitnick cannot testify as to what a third party, the City, believed. As a result, the statement should be stricken or disregarded.

      c. *I recall that the Local's representatives proposed that the City pay a substantial wage increase to be added to the Labor Agreement salary schedule that would benefit just the Firefighters on the rotating shift.*

Mitnick's statement is conclusory and his characterization of the purported wage increase as "substantial" is an opinion. Further, Mitnick's recollection of a proposal made by an unspecified third party or the Union at some time in the 1990's is purely speculative. As a result, the statement should be stricken or disregarded.

      d. *This was to resolve the specific concern brought forward about the lack of payment of FLSA overtime for working an average of forty-two hours per week.*

Mitnick's statement contradicts sworn testimony of the City's 30(b)(6) witness who testified that "Defendants are not aware of any complaints by Firefighters since at least 1979 that payments to Firefighters were not in compliance with any law." (Lafond Depo.; pages 67-69). Further, the statement contradicts Defendants' Answer to Interrogatory Number 9. Defendants' Answers to Interrogatory Number 9 specifically states that "Plaintiffs and Opt-In Plaintiffs never complained about the overtime calculations until just prior to the filing of this litigation." See Defendants' Answers to Plaintiffs First Set of Interrogatories attached to Plaintiffs' Motion as

5

**Exhibit D**.  As a result, the statement should be stricken or disregarded.

> e. *Eventually, it was agreed that the City would increase the base salary of the Firefighters on the rotating shift by two and a half percent (2.5%).*

Mitnick's statement is a legal conclusion about a possible contractual relationship between two parties and is therefore inadmissible.  As a result, the statement should be stricken or disregarded.

> f. *The Local's representatives indicated that this would satisfy the "overtime" concern and resolve the issue.*

Mitnick's statement contradicts sworn testimony of the City's 30(b)(6) witness who testified that "Defendants are not aware of any complaints by Firefighters since at least 1979 that payments to Firefighters were not in compliance with any law."  (Lafond Depo.; pages 67-69).  Further, the statement contradicts Defendants' Answer to Interrogatory Number 9.  Defendants' Answers to Interrogatory Number 9 specifically states that "Plaintiffs and Opt-In Plaintiffs never complained about the overtime calculations until just prior to the filing of this litigation."  See Defendants' Answers to Plaintiffs First Set of Interrogatories attached to Plaintiffs' Motion as **Exhibit D**.  Mitnick's statement is conclusory and a statement of opinion.  There is no testimony as to how the unspecified person "indicated" anything.  There is no evidence as to what was said or done, who said or did anything or what the precise "issue" was.  Furhter, Mitnick fails to indicate who he is referring to when he uses the phrase "the Local's representatives."  As a result, the statement should be stricken or disregarded.

4. **Paragraph 9 of Mitnick's affidavit should be stricken as the statements are conclusory, based on assumptions or statement of belief, contradict sworn deposition testimony, not based on personal knowledge, or contain inadmissable hearsay**.

   a. *The employees in the bargaining unit represented by local 1693 and the City eventually voted to ratify and execute a Collective Bargaining Agreement containing the new paragraph 15.05.*

Mitnick lacks personal knowledge and his statement is conclusory and speculative. Mitnick lacks any personal knowledge to assert that the unspecified employees in the Union voted to ratify and/or execute a Collective Bargaining Agreement containing the new paragraph 15.05. Mitnick was not a Union member, was not on the Union negotiating team, and was not on the Union executive committee. There is no evidence that a vote was ever taken or, if it did, who voted for or against it. Further, there is no evidence that Mitnick was present for any such vote or was even ever told of such a vote. As a result, the statement should be stricken or disregarded.

   b. *It is my understanding that the City subsequently fulfilled its obligations to make the two and a half percent (2.5%) wage increase addition benefitting the Firefighters on the rotating shift.*

Mitnick's statement is clearly not based on personal knowledge.  lacks any personal knowledge as whether any payments were actually made. Therefore, on its face, the statement must be stricken as "knowledge and belief" statements are not permissible in a summary judgment affidavit. Mitnick was the City Solicitor. There is no indication that he was involved in payroll or payments to firefighters. Second, Mitnick's "understanding" is pure speculation without any evidentiary support. As a result, the statement should be stricken or disregarded.

5. **Paragraph 10 of Mitnick's affidavit should be stricken as the statement is conclusory, based on assumptions or statement of belief, and not based on personal knowledge**.

   a. *"It was my belief that the language that the Parties had agreed to in Paragraph 15.05 (attached) had finally resolved all overtime concerns relating to Firefighters on the rotating shift working in excess of forty (40) hours per week."*

Mitnick's statement is clearly not based on personal knowledge. Therefore, on its face, the statement must be stricken as "knowledge and belief" statements are not permissible in a summary judgment affidavit. Further, Mitnick's belief and interpretation of language in paragraph 15.05 in the CBA is conclusory and a statement of opinion. Moreover, Mitnick's "conclusion" that "the parties had agreed" is a "conclusory" statement and a legal conclusion. Lastly, Mitnick's belief is irrelevant. As a result, the statement should be stricken or disregarded.

6. **Paragraph 11 of Mitnick's affidavit should be stricken as the statement is conclusory, based on assumptions or statement of belief, and not based on personal knowledge**.

   a. *It was my belief, after Paragraph 15.05 was added to the Collective Bargaining Agreement (and while I was still working for the City), that had the Local or a City Firefighter filed a lawsuit or other legal action against the City claiming that Firefighters on the rotating shift were not being paid overtime under the FLSA for working in excess of forty (40) hours per week, then pursuant to the "waiver" language contained in the second sentence of Paragraph 15.05, the City would have been entitled to take immediate legal action to seek to recoup the amount of the two and a half percent (2.5%) increase that the City had added to these Firefighters' salaries.*

Mitnick's statement is clearly not based on personal knowledge. Therefore, on its face, the statement must be stricken as "knowledge and belief" statements are not permissible in a summary judgment affidavit. Further, Mitnick's belief and interpretation of language in paragraph 15.05 in the CBA is conclusory and a statement of opinion. Moreover, Mitnick's statement is a legal conclusion. Lastly, Mitnick's belief is irrelevant. As a result, the statement

should be stricken or disregarded.

> b. *In particular, the waiver of any legal action against the City as a specific condition that the City had insisted on, and the Local and bargaining unit membership had agreed to, in exchange to receiving the two and a half percent (2.5%) increase set forth in the first sentence of Paragraph 15.05.*

Mitnick's belief and interpretation of language in paragraph 15.05 in the CBA is conclusory and a statement of opinion. Moreover, Mitnick's statement is a legal conclusion. Lastly, Mitnick's belief is irrelevant. Mitnick lacks any personal knowledge to assert that the unspecified employees in the Union agreed to anything. Mitnick was not a Union member, was not on the Union negotiating team, and was not on the Union executive committee. Further, Mitnick's statement that employees received a 2.5% wage increase is conclusory and there is no evidence that any employee ever received an extra two and a half percent (2.5%) increase. As a result, the statement should be stricken or disregarded.

7. **Paragraph 37 of Defendants' Statement or Material Facts should be stricken as it is conclusory and not based on personal knowledge**.

> a. *The 2.5% wage increase was added to the base rate of any for all firefighters on the rotating shift.*

The above-referenced statement is conclusory and without any support. For example, there is no evidence that any person actually received the 2.5% wage increase. No payroll documents were produced indicating that any Plaintiffs or Opt-In Plaintiffs on the rotating shift actually received an additional 2.5% wage increase to their base rate of pay at any time in the 1990's. As a result, the statement should be stricken or disregarded.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court strike or disregard certain portions of the Affidavit of Edward R. Mitnick, Esq.

Dated: March 9, 2010                    Respectfully submitted,


                                        **/s/ Jeffrey S. Morneau**
                                        Jeffrey S. Morneau (BBO# 643668)
                                        DONOHUE, HYLAND & DONOHUE, P.C.
                                        1707 Northampton Street
                                        Holyoke, MA 01040
                                        jmorneau@donohuehyland.com
                                        (413) 536-1977


**Certification Pursuant to Local Rule 7.1(A)(2)**

I hereby certify that I have conferred with Gordon Quinn, counsel for Defendants, and understand that Defendants intend to oppose this motion.

                                        **/s/ Jeffrey S. Morneau**
                                        Jeffrey S. Morneau


**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

                                        **/s/ Jeffrey S. Morneau**
                                        Jeffrey S. Morneau